BREAUX, C. J.
Appellant appeals to have a judgment rendered in matter of the estate of John A. Blanchard decreed null.
From the petition of Octavia Zulma Blanchard, wife of Edward D. Leche, we infer that John A. Blanchard departed this life *231 intestate on the 24th day. of January, 1909, leaving property, consisting of corporate stock and interest in a commercial partnership ; that there were debts due by the succession.
She applied to be appointed administratrix, alleging that she was the sole heir, as she was the first cousin of the decedent.
An inventory was taken in due time after her application.
She furnished bond and qualified as administratrix.
Nathan W. Grismore filed a petition in which he alleged that Mrs. Leche is not the sole and only heir of the late John A. Blanchard; that he had a sister, whose name is Ellen Blanchard; and that the last he heard of. her, which was in the year 1875, she was residing in Galveston, Tex.
Whether or not she is dead or alive at this time he did not know, but that_ if she is living she is the sole heir of John A. Blanchard.
He further alleged that, since this sister had not been heard from since the year 1875, he is entitled to be placed in possession of the property on giving bond as required by law.
He asks for the appointment of a curator ad hoc to represent Ellen Blanchard, and for judgment recognizing him as heir together with Mrs. Leche, in the event of the death of Ellen Blanchard.
The property of the succession was sold and an account of administration was filed, leaving $416.27 to each of the first cousins (four in number) of the decedent.
The court homologated the account on the 9th day of September, 1909, and ordered that the heirs, the first cousins in question, to wit, Mrs. Zulma Leche, Mrs, Felix Aucoin, Mrs. Eugene Gharlet, and Nathan W. Gris-more, be paid the amount put to their credit on the account of the heirs.
The curator ad hoc filed a petition on the 5th day of September, 1911, in which he alleged that, after inquiry, he had arrived at the conclusion that Ellen Blanchard had departed this life years ago.
Recently one who alleges that she is Ellen Blanchard, sister of the decedent, obtained an order of appeal within the 12 months after the account had been homologated, as before stated.
The curator ad hoc in his brief before this court urges that he made sufficient inquiry, and that he still thinks that Ellen Blanchard is dead, despite the number of affidavits filed here that she is alive.
We do not think that any criticism should be addressed to the curator ad hoe, by appellant; for, as an officer of the court, he had done all that could be expected of him. He had called upon one or two relatives, and from information obtained he had stated, as before mentioned, that he thought Ellen Blanchard was not alive.
We do not for an instant question his sincerity.
But the fact remains that one who says she is Ellen Blanchard resides in Galveston, Tex.; that she has furnished evidence (it is true, ex parte) of the fact that she is the sister of John A. Blanchard.
When it became necessary to prove heir-ship on the part of the cousins, who are recognized as heirs, the proceedings were not at all conducted in open court, contradictorily with Ellen Blanchard or her curator. Ex parte testimony was heard at chambers. Witnesses who testified, testified at chambers. The curator ad hoe was not present.
After this evidence had been given, it was not introduced in evidence in open court.
Even as it was, the witnesses who thus testified did not swear that Ellen Blanchard is dead.
One of the witnesses, Mrs. Felix Aucoin, testified that John A. Blanchard had two sisters; but she added:
“I do not know if they are dead or alive. We have heard of them again some three or four years ago.”
*233 It does not appear that the four cousins, recognized as heirs, are the only heirs.
It does appear that John A. Blanchard had a sister, and it is not proven that she has departed this life.
One who alleges that she is the sister files her affidavit, and others swore — ex parte, it is true — to her identity.
If she is the sister of John A. Blanchard, she had a right to appeal within the 12 months. If she is not the sister, she can' gain nothing.
We will give sufficient effect to the affidavits to ascertain whether or not she is the sister.
If she is, it would be unfortunate for her to lose that to which she is entitled upon evidence which was irregularly taken and which does not show that she is dead.
She has been residing at no great distance from the state. It will not be difficult to ascertain whether or not she is the sister.
For reasons assigned, the judgment appealed from is avoided, annulled, and reversed, and the case is remanded,- to determine whether Ellen Blanchard is the sister of John A. Blanchard, and, if she is the sister, to determine the interest of the parties, and that the ease may be proceeded with according to law.